UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:12 CR 131 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Miguel McGhee, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 129). For the following reasons, the motion is DENIED.

**Facts**

Miguel McGhee was convicted following a jury trial for conspiracy to commit Hobbs Act robbery in connection with two robberies of Radio Shack stores. He was acquitted on a third count for use of a firearm. He was sentenced to 240 months of imprisonment. Defendant's conviction was affirmed on appeal, with the Sixth Circuit declining to reach defendant's sole claims of ineffective assistance of counsel.

1

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.  To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant asserts four claims for relief.  Ground One alleges ineffective assistance of trial counsel. Ground Two alleges that defendant's counsel violated his due process rights by failing to ensure that such were properly given. Ground Three alleges that the arresting officer violated the Fourth Amendment by failing to secure a proper and valid search warrant before searching the contents of defendant's cell phone or house.  Ground Four alleges prosecutorial misconduct on the basis that the prosecutors failed to hand over exculpatory evidence that was favorable to the defendant's defense.  In his original § 2255 motion, defendant presented no argument or support for his claims. In his supplemental brief in support of his motion[1], defendant abandons the second, third, and fourth grounds.  Relief is denied on those grounds.  Additionally, the supplemental brief now challenges appellate counsel's performance.[2]  However, because

---

[1]  This brief was filed one week beyond the deadline granted by this Court after defendant asked for two extensions.  However, the Court declines to disregard the brief as untimely as urged by the government.

[2]  The government contends that defendant also raises a new ground by asserting that his counsel's performance during the sentencing phase was ineffective. However, the original petition challenged counsel's performance "throughout my

2

defendant did not raise this ground for relief in his original petition, defendant may not raise it now. Therefore, the sole issue before the Court is trial counsel's performance.

A defendant claiming ineffective assistance of counsel must show both deficient performance and prejudice, i.e., that there is a reasonable probability that, but for the errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668 (1984).

Defendant asserts four subsections supporting his claim that his trial counsel, Daniel Taylor, was ineffective. The Court does not find that any warrants § 2255 relief.

In the first subsection, defendant asserts that Taylor was not prepared for trial as evidenced by his inability to cross-examine the government's witnesses. This was demonstrated by the fact that the cross-examinations were interrupted over 65 times by objections, admonitions from the Court, and corrections by the Court. Taylor also failed to object when a witness testified that defendant previously served time in prison, referred to an incorrect date of a robbery, misidentified the town where a robbery occurred, called a witness by the wrong name, and misstated his own client's name. Additionally, Taylor considered a 1 ½ hour video of a police interview with a government witness to be key impeachment evidence to be played for the jury, but he failed to provide a transcript of the video or edit it to exclude irrelevant portions.

Initially, while acknowledging that he must demonstrate that but for Taylor's action at trial, the result of the proceeding would have been different, defendant does not do so when addressing Taylor's deficiencies. For the reasons stated by the government in its first response

---

whole entire trial proceedings." The Court will consider this to encompass sentencing.

to defendant's motion, the Court agrees with the government that there was substantial evidence of defendant's guilt.  Therefore, he does not show prejudice. Moreover, defendant asserts that "the court had to correct Taylor in front of the jury over 65 times during the trial."  But, defendant acknowledges elsewhere in his brief that the 65 times included interruptions because of objections and admonitions.  Additionally, the video to which defendant refers was played for the jury and the witness's credibility was undermined by Taylor's cross-examination.  Defendant was, in fact, acquitted of the count to which this witness provided the only evidence.  Thus, Taylor was effective.

In the third subsection, defendant contends that Taylor presented no mitigating argument at sentencing although the Court asked that he say something positive about his client. Again, defendant does not establish prejudice where the government points out that it provided evidence in support of a sentence at the highest end of the guideline range while defendant offered no contrary evidence when given a chance to speak.

In the second and fourth subsections, defendant merely restates the assertions contained in the first subsection. Therefore, there is no ground upon which to grant relief.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

                                  /s/ Patricia A. Gaughan  
                                PATRICIA A. GAUGHAN  
                                United States District Judge

Dated: 3/31/15